1

2

3

4

5

6

7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 9 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10              WESTERN DIVISION

11

| | |
|---|---|
| 12  RICARDO ALEJANDRO YEARWOOD, | Case No.  CV 12-05514 VBF (AN) |
| 13            Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| 14  v. | |
| 15  M. D. BITER, Warden, | |
| 16            Respondent. | |
| 17 | |

18                 **I. BACKGROUND**

19          Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20 Ricardo Alejandro Yearwood ("Petitioner"), a state prisoner proceeding *pro se*. The

21 Petition is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at

22 Petitioner's sentence of 16 years in state prison, which he received pursuant to a

23 January 26, 1999 conviction by a jury in the California Superior Court for Los Angeles

24 County of second degree robbery, with a firearm and prior felony conviction

25 enhancement (case no. YA037781). For the reasons set forth below, Petitioner is

26 ordered to show cause why his Petition should not be dismissed with prejudice because

27 it is time-barred.

28 ///

## II. DISCUSSION

**A.      Standard of Review**

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826, 1834 (2012) (reaffirming *Day*'s holding that district courts are permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that "courts of appeals, like district courts, have the authority - though not the obligation - to raise a forfeited timeliness defense on their own initiative.").

**B.      Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1    The face of the Petition and relevant state court records[1/] establish the following

2  relevant facts. Petitioner was convicted of the above offense on January 26, 1999, and

3  sentenced on March 23, 1999. On August 21, 2000, the California Court of Appeal

4  affirmed the judgment of conviction (case no. B131166). The California Supreme

5  Court then denied review of the court of appeal's decision on October 25, 2000 (case

6  no. S091715).[2/] (Pet. at 2-4[3/]; state court records.) Petitioner does not appear to have

7  filed a petition for certiorari with the United States Supreme Court.

8    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment

9  became final on January 23, 2001, the ninetieth day after the state high court denied his

10  petition for review and the last date for him to file a petition for certiorari with the

11  Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of

12  limitations then started to run the next day, on January 24, 2001, and ended a year later

13  on January 23, 2002. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251

14  F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day

15 

16  [1/]   The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available at http://appellatecases.courtinfo.ca.gov ("state court

17  records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas

18  courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

19 

20  [2/]   State court records only reflect a petition for review being filed by the counsel of Petitioner's codefendant, Ronald Jones. However, they also reflect that

21  Petitioner and an additional codefendant, Julian Knighton, were listed as parties in the

22  California Supreme Court, and Petitioner was represented by his appellate counsel. Therefore, for purposes of this timeliness analysis, and in the absence of evidence to the

23  contrary, the Court assumes Jones's counsel filed the petition for review on behalf of

24  all three codefendants.

25  [3/]   Petitioner did not consecutively number the pages of the Petition, or his

26  attached pages and exhibits, as required by Local Rule 11-3.3. For sake of clarity, the Court's page citations refer to the electronic pagination furnished by the CM-ECF

27  electronic document filing system, which divides Petitioner's filing into three parts, the

28  Petition and two attachments.

after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until June 20, 2012 -- 3,801 days (more than a decade) after the expiration of the limitations period.[4/] Accordingly, absent some basis for a significant amount of tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

## C.    Statutory Tolling

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006).

///

---

[4/]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to the prison mail system on June 20, 2012, which is the postmark date reflected on the envelope containing the Petition.

1       The face of the Petition, exhibits, and relevant state court records establish
2   Petitioner filed four state habeas petitions, one in the superior court (case no.
3   YA037781), one in the state court of appeal (case no. B237926), and two in the
4   California Supreme Court (case nos. S091851 & S199634). The first of Petitioner's
5   four state habeas petitions was filed in the California Supreme Court on September 28,
6   2000, and denied on January 30, 2001. (Attach. #1 at 12; state court records.) Because
7   the statute of limitations did not even start to run until January 24, 2001, Petitioner is
8   only entitled to 7 days of tolling, which includes the time his state habeas petition was
9   pending while the statute was running. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir.
10  2001) (state collateral review motion filed before the AEDPA limitations period
11  commenced qualified for tolling only for the time it was still pending after the
12  limitations period began), *abrogated on other grounds as recognized in Ford v. Pliler*,
13  590 F.3d 782, 789 n.3 (9th Cir. 2009). Given seven extra days, the limitations deadline
14  was extended from January 23, 2002, until January 30, 2002.

15      Petitioner represents that the second of his state habeas petitions was
16  constructively filed on October 31, 2011,[5] and it was denied on November 21, 2011.
17  His third state habeas petition was filed in the state court of appeal on December 19,
18  2011, and denied on January 5, 2012. Finally, Petitioner's fourth state habeas petition
19  was filed on January 23, 2012, and denied on May 16, 2012. (Pet. at 4-8; Attach. #1 at
20  10, 48; Attach. #2 at 25; state court records.)

21      Petitioner is not entitled to interval tolling between the denial of his first and the
22  filing of his second state habeas petition for two reasons. First, a California petitioner's
23  state "collateral review is considered to be pending during the interim between a writ
24  being denied at one court level and a new petition being filed at the next higher court
25  level . . . ." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). However, "each time

26

27      [5]   The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v.
28  Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

1   a petitioner files a new habeas petition at the same *or a lower level*, . . . the subsequent

2   petition has no effect on the already pending application, but triggers an entirely

3   separate round of review." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003)

4   (emphasis added), *abrogated on other grounds as recognized in Waldrip*, 548 F.3d at

5   733. Here, Petitioner's first state habeas petition was filed in the state's highest court,

6   and his second was filed in the superior court, so the second petition could only trigger

7   a separate round of review. Second, even if the second petition had been filed at a

8   higher level than the first, the interval between them was unreasonably long. As stated

9   above, intervals between a lower court decision and the filing of a new petition in a

10   higher court toll the limitations period, but only *where reasonable. Saffold*, 536 U.S.

11   at 221, 223; *Evans*, 546 U.S. at 192. Here, the *nearly eleven-year* interval was

12   "substantially longer than the '30 to 60 days' that 'most States' allow for filing

13   petitions, and [Petitioner has] offered no justification for the delay[] as required under

14   California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that

15   intervals of 115 and 101 days were unreasonable and did not qualify for statutory

16   tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010)

17   (holding that a 146-day interval was unreasonable). Based on the foregoing, Petitioner

18   is not entitled to interval tolling between the denial of his first state habeas petition in

19   the California Supreme Court and the filing of his second state habeas petition in the

20   superior court.

21          Moreover, Petitioner's second petition could not start a new round of tolling, and

22   Petitioner is not entitled to any statutory tolling for the pendency of his second, third,

23   or fourth state habeas petitions, because they were all filed several years after the

24   limitations period expired. Specifically, the first of those petitions was not

25   constructively filed in the superior court until October 31, 2011, 3,561 days after the

26   extended limitations period expired on January 30, 2002. *Ferguson v. Palmateer*, 321

27   F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the

28   limitations period that has ended before the state petition was filed."); *see also Webster*

1  *v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed

2  following the expiration of the limitations period cannot toll that period because there

3  is no period remaining to be tolled.").

4       Despite receiving the seven days of statutory tolling to which he is entitled,

5  Petitioner's pending Petition is still untimely by well over a decade.

6  **D.    Alternative Start of the Statute of Limitations**

7       **1.    State-Created Impediment**

8       In rare instances, AEDPA's one-year limitations period can run from "the date

9  on which the impediment to filing an application created by State action in violation

10  of the Constitution or laws of the United States is removed, if the applicant was

11  prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting the

12  statute of limitations was delayed by a state-created impediment requires a due process

13  violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not

14  set forth any facts for an alternate start date under this provision.

15       **2.    Newly Recognized Constitutional Right**

16       AEDPA provides that, if a claim is based upon a constitutional right that is

17  newly recognized and applied retroactively to habeas cases by the United States

18  Supreme Court, the one-year limitations period begins to run on the date which the new

19  right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

20  Petitioner's filings do not set forth any facts for an alternate start date under this

21  provision.

22       **3.    Discovery of Factual Predicate**

23       AEDPA also provides that, in certain cases, its one-year limitations period shall

24  run from "the date on which the factual predicate of the claim or claims presented could

25  have been discovered through the exercise of due diligence." 28 U.S.C. §

26  2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). In Petitioner's

27  state habeas petitions, he claimed he did not discover the factual predicate of his

28  current claims until September 2, 2011. (Pet. at 22; Attach. #1 at 13; Attach. #2 at 16.)

1  However, he failed to provide any explanation why, and it does not appear even
2  remotely possible he would have discovered his claims so late through the exercise of
3  due diligence in light of the fact that all three of his claims are directed at his
4  sentencing, which occurred on March 23, 1999. (Pet. at 2.)

5      More specifically, Petitioner argues the trial court improperly considered his
6  prior felony conviction for dual purposes, as an aggravating factor and as a predicate
7  to impose a separate sentence enhancement, and that his trial and appellate attorneys
8  were ineffective for failing to raise that issue. (Pet. at 8-10.) At the very latest,
9  Petitioner should have discovered the factual predicate of his ineffective assistance of
10 appellate counsel claim when his opening brief was filed on December 27, 1999. (State
11 court records.) To the extent Petitioner is instead referring to the date he realized he
12 had an allegedly meritorious claim, that is not the date he discovered the factual
13 predicate. *See Hasan*, 254 F.3d at 1154 n.3 ("Time begins when the prisoner knows (or
14 through diligence could discover) the important facts, not when the prisoner recognizes
15 their legal significance.") (citation omitted); *see also Johnson v. Walker*, 443 Fed.
16 Appx. 251 (9th Cir. 2011) (§ 2244(d)(1)(D) was not triggered when the petitioner
17 realized that he had a meritorious claim for challenging his prior convictions) (cited
18 pursuant to Ninth Circuit Rule 36-3).

19     Petitioner's filings do not establish that Petitioner is entitled to an alternate start
20 date to the limitations period based upon the late discovery of the factual predicate.

21 **E.    Equitable Tolling**

22     AEDPA's limitations period "is subject to equitable tolling in appropriate cases."
23 *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable
24 tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling
25 [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*,
26 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066
27 (9th Cir. 2002)).

28 ///

1    "[A] litigant seeking equitable tolling bears the burden of establishing two

2    elements: (1) that he has been pursuing his rights diligently, and (2) that some

3    extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418,

4    125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079

5    (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

6    reasonably diligent efforts to file his § 2254 petition throughout the time the limitations

7    period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also*

8    *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing

9    that "the party seeking equitable tolling must have acted with reasonable diligence

10   throughout the period he seeks to toll" and "extraordinary circumstances prevented him

11   from filing his petition on time"). The petitioner must also demonstrate that he

12   exercised reasonable diligence after the extraordinary circumstances began, otherwise

13   the "link of causation between the extraordinary circumstances and the failure to file

14   [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong

15   requires the petitioner to "additionally show that the extraordinary circumstances were

16   the cause of his untimeliness, and that the extraordinary circumstances made it

17   impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir.

18   2009) (internal quotations and citations omitted). Further, equitable tolling

19   determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the

20   petitioner "bears the burden of showing that equitable tolling is appropriate."

21   *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

22        Petitioner's filings do not set forth any facts for equitable tolling.

23                                    **O R D E R**

24        Based on the foregoing, the Court finds this action is untimely. Accordingly,

25   Petitioner shall have until **July 20, 2012**, to file a written response and show cause why

26   his Petition should not be dismissed with prejudice because it is time-barred. In

27   responding to this Order, Petitioner must show by declaration and any properly

28   authenticated exhibits what, if any, factual or legal basis he has for claiming that the

Page 9

1 Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations

2 should be tolled, or the start date extended.

3    **Petitioner is warned that if a timely response to this Order is not made,**

4 **Petitioner will waive his right to respond and the Court will, without further**

5 **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

6    **Further, if Petitioner determines the Court's above analysis is correct and**

7 **the Petition is clearly time-barred, he should consider filing a Request For**

8 **Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of**

9 **a response to this Order.**

10

11    IT IS SO ORDERED.

12

13

14 DATED: June 29, 2012

15 _____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28